# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| STATE OF UTAH, by and through its Governor, SPENCER J. COX, and its Attorney General, SEAN D. REYES,<br><br>Petitioner,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, U.S. EPA,<br><br>Respondents. | Case No. 23-9509 |

---

### STATE OF UTAH'S REPLY IN SUPPORT OF ITS MOTION TO STAY THE FINAL RULE OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY

---

Emily C. Schilling
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern
Aaron B. Tucker
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8107
trvanbockern@hollandhart.com
abtucker@hollandhart.com

Sean D. Reyes
ATTORNEY GENERAL OF UTAH
Melissa A. Holyoak
SOLICITOR GENERAL
*Counsel of Record*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Ph. 801-538-9600
melissaholyoak@agutah.gov

William L. Wehrum
WEHRUM ENVIRONMENTAL LAW LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net
*Attorneys for Petitioner State of Utah*

1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

I. Venue Will Appropriately Be Decided by the Merits Panel. ........... 1

II. Utah is Likely to Succeed on the Merits. ........................................ 2

III. Utah is Irreparably Harmed by EPA's SIP Disapproval. ................ 5

IV. The Balance of Equities Supports a Stay. ....................................... 8

CONCLUSION ..................................................................................... 9

CERTIFICATE OF COMPLIANCE ....................................................... 11

CERTIFICATE OF SERVICE ................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allete v. EPA*,
  No. 23-1776, Doc. 5292580 (8th Cir. July 5, 2023) ............................ 7

*Alaska Dept. of Envtl. Conservation v. EPA*,
  540 U.S. 461 (2004) ............................................................................ 3

*Equifax Servs., Inc. v. Hitz*,
  905 F.2d 1355 (10th Cir. 1990) .......................................................... 2

*La. Envtl. Action Network v. EPA*,
  955 F.3d 1088 (D.C. Cir. 2020) .......................................................... 8

*Nevada Cement Co. v. EPA*,
  No. 23-682, Doc. 27.1 (9th Cir. July 3, 2023) .................................... 7

*North Dakota v. EPA*,
  730 F.3d. 750 (8th Cir. 2013) .............................................................. 5

*Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*,
  760 F.2d 312 (D.C. Cir. 1985) ............................................................ 2

*Texas v. EPA*,
  2023 U.S. App. LEXIS 13898 (May 1, 2023) ..................................... 6

**STATUTES**

28 U.S.C. § 1292(a)(1) .............................................................................. 2

**FEDERAL REGISTER**

87 Fed. Reg. 31,470 (May 24, 2022) ................................................... 4, 7

**RULES**

Fed. R. App. P. 25(c) ............................................................................. 11

Fed. R. App. P. 27(d)(1)-(2) .................................................................. 11

Fed. R. App. P. 27(d)(1)(E) ................................................................................ 11

Fed. R. App. P. 32(f) ........................................................................................... 11

**OTHER AUTHORITIES**

EPA, Interim Final Rule Amending GNP in Response to Stay
    Orders (Prepublication Version),
    https://www.epa.gov/system/files/documents/2023-
    06/Interim%20final%20rule%20amending%20GNP%20in%20re
    sponse%20to%20stay%20orders%20-
    %20prepublication%20version.pdf ...................................................... 7

Utah's Motion demonstrated that EPA's disapproval of Utah's Interstate Transport SIP is unlawful and will cause irreparable harm to Utah and its citizens pending judicial review. The Court should grant a stay to protect Utah's sovereign interests, and to ensure affordable and reliable energy for Utah's citizens. EPA's response does nothing to overcome the need for a stay.

## I.     Venue Will Appropriately Be Decided by the Merits Panel.

EPA attempts to circumvent the Court's prior orders by requesting denial of Utah's and Industry Petitioners' stay motions on the basis that they were filed in "the wrong forum." Resp. at 14. But the Court's orders contemplate early briefing (and presumably decision) on the stay motions, and then subsequent decision on venue and the merits by the merits panel.

This Court's April 27 Order unequivocally referred the question of the proper venue for petitioners' challenges to the merits panel. Doc. 010110851072 at 4. Then, the Court's April 28 Order confirmed that "the possibility of transfer or dismissal *will not be considered* until these petitions have been briefed on the merits." Doc. 010110851717 at 5–6 (emphasis added). The Court's May 30 Order directed that briefing on

renewed stay motions occur *before* briefing on the merits. Doc. 010110866083 at 4–5.

None of the Court's orders suggests that venue must be decided before the Court can rule on stay motions. And EPA's reliance on *Noxell Corporation v. Firehouse No. 1 Bar-B-Que Restaurant*, 760 F.2d 312, 315 (D.C. Cir. 1985), to argue just that is misplaced. *See* Resp. at 15. *Noxell* issued no such ruling. Instead, the *Noxell* court decided whether it could review a cross-appeal claiming improper venue in an interlocutory appeal from a denial of an injunction under 28 U.S.C. § 1292(a)(1). 760 F.2d at 314–15. That is not the situation here; this is a direct action authorized by the CAA.

In any event, this Court declined to exercise its discretion, in line with *Noxell's* holding, to review venue in an appeal affirming a preliminary injunction, stating "we see no compelling reasons to do so[.]" *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1362 (10th Cir. 1990).

II. **Utah is Likely to Succeed on the Merits.**

EPA correctly states that its role under the CAA is limited to assessing whether Utah's SIP submission complied with the Interstate Transport Provision. *See* Resp. at 4, 6, 20. But EPA insists that its

2

oversight authority allows it to formulate an approach—found nowhere in the CAA or implementing regulations—for determining significant contribution, and then review the adequacy of Utah's SIP against this approach based on a policy preference for national consistency.[1] *Id.* at 9–12. Indeed, EPA is using its policy-based approach as the yardstick for measuring acceptability of proposed SIPs, asserting that a departure from its policy-based approach would be approvable only if "substantially justified" (a standard which also is undefined). But the CAA does not afford EPA such broad discretion. *See* Utah Mot. at 8–15.

In the absence of clear statutory or regulatory direction as to how States must determine significant contribution, EPA's role is limited to objectively assessing whether Utah's approach meets the CAA. *See id.* EPA failed to conduct such an objective assessment.

---

[1] EPA claims its decision to apply a policy-based approach to disapprove Utah's SIP is due "particular deference." Resp. at 16. But EPA is mistaken. Where, as EPA admits, "states enjoy wide discretion in *formulating* SIPs, [under] 42 U.S.C. § 7410(a)(2)(A)," Resp. at 21 (emphasis in original), it is Utah's approach developed to comply with the Ozone Transport Provision that deserves deference. *See Alaska Dept. of Envtl. Conservation v. EPA*, 540 U.S. 461, 518 (2004) (Kennedy, J., dissenting).

EPA asserts that it "fully consider[ed] any alternative approaches Utah put forward" and claims that it "did not treat Utah dissimilarly from Arizona." Resp. at 10, 19. The record demonstrates otherwise. First, one factor is not "dispositive" under the weight-of-evidence standard approved in the Arizona SIP, Utah Mot. at 13, yet EPA relies entirely on modeled contribution thresholds to find significance, dismissing Utah's assessment of other factors. Resp. at 18–19.

Second, Utah did not claim it is "relieved" of its obligations because of other states' contributions, Resp. at 19, but appropriately weighed the "magnitude" of upwind states' collective contribution (including Utah's contribution) consistent with the weight-of-evidence approach. Utah Mot. at 14.

Finally, EPA incorrectly asserts that total modeled upwind contributions to Colorado are as high as 11%. Resp. at 11. EPA's modeled contributions are, in fact, between 6% and 8%—as compared to between 2% and 4% in Arizona's SIP. 87 Fed. Reg. 31,470, 31,481 (May 24, 2022); Utah Mot. at 14. EPA rejected Utah's weight-of-evidence approach because combined upwind contributions to the Denver area were "higher" than the amount considered "negligible" in the Arizona SIP. 87 Fed. Reg.

4

at 31,481. But EPA has never codified a threshold for upwind contribution to be "significant." And, here, EPA provided no explanation as to why "twice the magnitude" is an appropriate basis for rejecting Utah's weight-of-evidence approach, particularly where these upwind contributions pale in comparison to the substantial upwind contributions in the East. Resp. at 20; Utah Mot. at 14. EPA's "because I said so" rationale is arbitrary to its core.

Under the approach EPA recommended in its 2018 Memoranda and approved in Arizona's SIP, Utah concluded that it did not significantly contribute to downwind air quality problems. Utah Mot. at 14. Because Utah's approach is "reasonably moored" to the Interstate Transport Provision and grounded in sufficient facts, EPA had no choice but to approve it. *See North Dakota v. EPA*, 730 F.3d. 750, 761 (8th Cir. 2013).

### III. Utah is Irreparably Harmed by EPA's SIP Disapproval.

EPA is mistaken that Utah is harmed not by EPA's SIP disapproval, but by the FIP. *See* Resp. at 23–24. The SIP disapproval directly harms Utah's sovereign interests. EPA's only response is that those harms depend on the success of this challenge. *Id*. Not so. Utah is *currently* harmed as it cannot implement its own CAA-based program as

contemplated by the CAA's cooperative federalism framework. Utah Mot. at 15–16. Indeed, whatever the consequence of a SIP disapproval—whether Utah must submit revised SIPs or start regulating facilities pursuant to a FIP—it necessarily imposes a *regulatory burden* on the State. *Id.* at 17–8.

The SIP disapproval is also the proximate cause of all harms to Utah, Utah citizens, and affected sources in Utah, imposed by the FIP. *See* Utah Mot. at 15–18.

Without the SIP disapproval, EPA has no legal authority under the CAA to impose a FIP. *Id.*; *see also Texas v. EPA*, 2023 U.S. App. LEXIS 13898, *28 (May 1, 2023) ("The Final SIP Denial was the statutory prerequisite for the EPA to create the Final FIP and impose its preferred system of emissions controls and reductions on the States."). EPA itself recognizes this. In response to the various judicial stays issued by the Fifth, Sixth, and Eighth Circuits, EPA issued an interim final rule on June 29 amending the FIP "to stay, for emissions sources in Arkansas, Kentucky, Louisiana, Mississippi, Missouri, and Texas only, the

effectiveness of the [FIP] requirements."[2] Since then, two more Circuit Courts have issued stay orders. *See Nevada Cement Co. v. EPA*, No. 23-682, Doc. 27.1 (9th Cir. July 3, 2023) (Nevada's SIP); *Allete v. EPA*, No. 23-1776, Doc. 5292580 (8th Cir. July 5, 2023) (Minnesota's SIP).

Similarly, EPA mistakenly claims that Utah's harms flow from the 2019 Finding of Failure. Resp. at 24. EPA issued the Finding of Failure based on a minor procedural oversight. Utah Mot. at 6. EPA did not object to or otherwise comment on the substance of Utah's SIP submission. *Id.* Utah corrected that procedural flaw and resubmitted its SIP a month later. *Id.*

EPA's subsequent denial of Utah's SIP was based on entirely substantive issues that EPA (1) identified in the resubmitted SIP, (2) did not raise when it issued the Finding of Failure, and (3) asserted for the first time in the SIP disapproval process. *See* 87 Fed. Reg. 31,475 (May 24, 2022). The record demonstrates that the SIP disapproval—not the

---

[2] *See* EPA, Interim Final Rule Amending GNP in Response to Stay Orders (Prepublication Version), *available at* https://www.epa.gov/system/files/documents/2023-06/Interim%20final%20rule%20amending%20GNP%20in%20response%20to%20stay%20orders%20-%20prepublication%20version.pdf.

7

prior Finding of Failure—is the only plausible source of authority for FIP issuance.

## IV. The Balance of Equities Supports a Stay.

EPA's position that the balance of the equities and the public interest favor continued application of the FIP wrongly assumes that Utah is making a significant contribution. Resp. at 27 ("Staying the Good Neighbor Plan would prejudice EPA by leaving no law on the books to address Utah's emissions affecting downwind states."). But Utah reasonably determined that it does not "significantly" contribute to the air pollution problem in Colorado. As discussed above and in Utah's Motion, EPA unlawfully disapproved Utah's SIP and EPA therefore cannot be prejudiced by a temporary stay of its unfounded and unlawful disapproval. Utah Mot. at 19.

Moreover, EPA's excuses for delaying action on Utah's SIP for two years due to an "unexpected rulemaking obligation," Resp. at 28, does not tip the equities in EPA's favor. *See La. Envtl. Action Network v. EPA*, 955 F.3d 1088, 1099 (D.C. Cir. 2020) (rejecting EPA excuse of a "compressed schedule" for failure to meet statutory obligation).

Lastly, the unrecoverable time and resources needed to immediately implement the FIP far outweigh EPA's marginal modeled improvement in air quality, particularly considering Colorado's own prediction that Denver will achieve attainment by 2026 with *no* reduction in upwind state emissions. *See* Industry Pet. Mot., Doc. 10110870119 at 13.

## CONCLUSION

For these reasons, and the reasons stated in Utah's Motion, the Court should stay EPA's final disapproval of Utah's SIP.

Dated: July 11, 2023.

Respectfully submitted,

*/s/ Melissa A Holyoak*

Sean D. Reyes
    ATTORNEY GENERAL OF UTAH
Melissa A. Holyoak
    SOLICITOR GENERAL
    *Counsel of Record*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Ph. 801-538-9600
melissaholyoak@agutah.gov

William L. Wehrum
WEHRUM ENVIRONMENTAL LAW LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net

Emily C. Schilling
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753 / Fax 202-747-6574
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern
Aaron B. Tucker
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8107 / Fax 720-545-9952
trvanbockern@hollandhart.com
abtucker@hollandhart.com
*Attorneys for Petitioner State of Utah*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the format and word limit of Fed. R. App. P. 27(d)(1)-(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,623 words. This document also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

Dated: July 11, 2023

*/s/ Melissa A. Holyoak*

**CERTIFICATE OF SERVICE**

I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

Dated: July 11, 2023

*/s/ Melissa A. Holyoak*