**STATE OF UTAH**
OFFICE OF THE ATTORNEY GENERAL



**SEAN D. REYES**
ATTORNEY GENERAL

| Spencer E. Austin | Daniel Burton | Ric Cantrell | Melissa A. Holyoak | Brian L. Tarbet |
|---|---|---|---|---|
| Chief Criminal Deputy | General Counsel | Chief of Staff | Solicitor General | Chief Civil Deputy |

November 22, 2023

*VIA ELECTRONIC FILING*

Christopher M. Wolpert, Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

> **RE: Response to EPA's November 20, 2023 Notice of Supplemental Authority in No. 23-9509, *Kentucky Energy & Environment Cabinet v. EPA*, Nos. 23-3605, -3624, -2641 & -3647 (6th Cir. Nov. 9, 2023)**

Dear Mr. Wolpert,

The Sixth Circuit's decision transferring Kentucky's and industry petitioners' actions challenging EPA's *Federal* Implementation Plan (FIP) to the D.C. Circuit supports Utah's position that this Court is the proper venue for Petitioners' challenges to EPA's disapproval of Utah's *State* Implementation Plan (SIP). *See* Utah Opening Br. at 18–26 (Doc. 010110940498); Utah Reply at 1–9 (Doc. 010110940510).

In evaluating EPA's motion to transfer, the Sixth Circuit explained that a prior panel of the court already *denied* EPA's motion to transfer the Kentucky SIP challenges to D.C. because "the SIP disapproval 'affect[ed] only Kentucky,' and thus was 'locally and regionally applicable.'" Decision at 6; *see also* Utah's Notice of Supplemental Authority (Doc. 010110894881) (providing a copy of the Sixth Circuit's July 25, 2023 order).

The Sixth Circuit emphasized that "EPA's disapproval of Kentucky's SIP … concerned only the Commonwealth of Kentucky." Decision at 6–8. That's true for Utah's SIP too—EPA's disapproval of Utah's SIP concerns only Utah. *See* Utah Opening Br. at 3–4, 19–20. EPA merely packaged Utah's SIP action with

other states' SIP actions in an attempt to manufacture a "nationally applicable" action reviewable by the D.C. Circuit. *Id.* at 19–20.

In listing the types of cases the D.C. Circuit previously has transferred to the regional circuits as "locally and regionally applicable," the Sixth Circuit listed a case challenging "EPA's approval of California's revised SIP," Decision at 6, and also distinguished SIP Calls because they are "not merely action on a single state implementation plan," *id.* at 8. *See also* Utah Opening Br. at 4–5 (distinguishing SIP Calls).

Thus, the Sixth Circuit's Decision confirms the text of 42 U.S.C. § 7607(b)(1), which provides that judicial actions for the review of EPA's final action on "any implementation plan" under Section 110 of the Clean Air Act defaults to the regional circuit courts of appeals. *Id.* at 18.

         Sincerely,

         */s/ Melissa A. Holyoak*

         Melissa A. Holyoak
         Solicitor General

cc: Alexandra L. St. Romain and Alex J. Hardee
(via the appellate CM/ECF system)