# STATE OF UTAH
OFFICE OF THE ATTORNEY GENERAL



# SEAN D. REYES
ATTORNEY GENERAL

| Spencer E. Austin<br>Chief Criminal Deputy | Daniel Burton<br>General Counsel | Ric Cantrell<br>Chief of Staff | Melissa A. Holyoak<br>Solicitor General | Brian L. Tarbet<br>Chief Civil Deputy |

January 16, 2024

Christopher M. Wolpert, Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Dear Mr. Wolpert,

**RE: Notice of Supplemental Authority in No. 23-9509:** *West Virginia v. EPA*, **No. 23-1418 (4th Cir. Jan. 10, 2024)**

Utah submits as a supplemental authority in support of its Opposition to Motion to Transfer (Doc. 010110839320) and Opening and Reply Briefs (Docs. 010110940498 and 010110940510), the Fourth Circuit's venue decision in *West Virginia v. EPA*. The decision pertains to whether EPA's denial of Utah's State Implementation Plan ("SIP") is a "locally or regionally applicable" action, such that Utah's petition for review is properly venued in this Court. Opp. at 11–22; Opening Br. at 18–26; Reply Br. at 1–9.

The Fourth Circuit denied EPA's motion to transfer or dismiss West Virginia's petition to review EPA's denial of its interstate transport SIP. Decision at 3, 15, 17. EPA's denial of West Virginia's SIP was published in the same Federal Register notice as Utah's SIP denial. *Id.* at 7. The court determined that West Virginia's petition is properly venued in the regional circuit court as a challenge to a "locally or regionally applicable" action under 42 U.S.C. § 7607(b)(1) because EPA's decision "was based entirely on West Virginia's particular circumstances and its analysis of those circumstances." *Id.* at 10.

The court rejected EPA's arguments that its disapproval was nationally applicable or based on a determination of nationwide scope or effect because several disapprovals were consolidated into a "single agency action" and "the Final Rule

applies a uniform and nationally consistent approach" in disapproving 21 States' plans. *Id.* at 11. The Fourth Circuit explained that EPA's reliance on the single agency action merely "throws a blanket labeled 'national' over 21 individual decisions rejecting 21 separate States' SIPs in an effort to convert each unique state decision into a national one." *Id.* Also, "if application of a national standard to disapprove a plan were the controlling factor, there never could be a local or regional action as recognized by the Clean Air Act because every action of the EPA purportedly applies a national standard created by the national statute and its national regulations." *Id.* at 12.

The *West Virginia* decision, like the venue decisions issued by the Fifth, Sixth, and Eighth Circuits, supports venue in this Court. *See id.* at 15.

Sincerely,

Melissa A. Holyoak
Utah Solicitor General

cc: Alexandra L. St. Romain and Alex J. Hardee (via the appellate CM/ECF system)