No. 23-9509

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

STATE OF UTAH, by and through its Governor, SPENCER J. COX, and its
Attorney General, SEAN D. REYES,

*Petitioner*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY
and MICHAEL S. REGAN, Administrator, U.S. EPA,

*Respondents*.

### APPLICANT-INTERVENORS' RESPONSE IN SUPPORT OF RESPONDENTS' MOTION TO TRANSFER OR DISMISS

*/s/ Joshua D. Smith*
Joshua D. Smith
Rose Monahan
Sierra Club
2101 Webster St, Suite 1300
Oakland, California 94612
415-977-5560
415-977-5704
joshua.smith@sierraclub.org
rose.monahan@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St NW, 8th Floor
Washington, DC 20001
650-388-8446
zachary.fabish@sierraclub.org

*Counsel for Applicant-Intervenor
Sierra Club*

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St NW, Suite 1000
Washington, DC 20001
202-754-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Applicant-Intervenors
Sierra Club and Center for Biological
Diversity*

Filed: March 30, 2023

# INTRODUCTION

Applicant-intervenors endeavor to avoid repeating the facts and legal arguments made by EPA in support of transfer and instead offer the following elaboration. By filing for review in this Court,[1] as well as the Fifth Circuit,[2] the Eighth Circuit,[3] and the Sixth Circuit,[4] states and utilities highlight why the Clean Air Act accords venue to hear challenges to nationally applicable actions exclusively in the D.C. Circuit. *See* 42 U.S.C. § 7607(b)(1). "Centralized review of national issues is preferable to piecemeal review of national issues in the regional circuits, which risks potentially inconsistent results." *See, e.g., Texas v. EPA*, No. 10-60961, 2011 WL 710598 at *4 (5th Cir. Feb. 24, 2011) (unpublished). The 21-state Disapproval Rule is nationally applicable on its face. Air Plan Disapprovals;

---

[1] Petition for Review, *Utah v. EPA*, No. 23-9509 (10th Cir. Feb. 13, 2023); Petition for Review, *PacifiCorp et al. v. EPA*, No. 23-9512 (10th Cir. Feb. 23, 2023); Petition for Review, *Oklahoma et al. v. EPA*, No. 23-9514 (10th Cir. Mar. 2, 2023); Petition for Review, *Utah Associated Municipal Power Systems*, No. 23-9520 (10th Cir. Mar. 15, 2023); Petition for Review, *Oklahoma Gas and Electric Co. v. EPA*, No. 23-9521 (10th Cir. Mar. 16, 2023).
[2] Petitions for Review, *Texas et al.; Luminant Generation Company et al.; and Association of Electric Companies of Texas et al. v. EPA*, No. 23-60069 (5th Cir. Feb. 14, 2023) (see additional petitions for review filed by: Public Utility Commission of Texas and Railroad Commission of Texas (Mar. 9, 2023); Mississippi and Mississippi Dep't of Env't Quality (Mar. 16, 2023); Mississippi Power Company (Mar. 17, 2023); Louisiana and Louisiana Dep't of Env't Quality (Mar. 20, 2023)).
[3] Petition for Review, *Arkansas et al. v. EPA*, No. 23-1320 (8th Cir. Feb. 16, 2023).
[4] Petition for Review *Kentucky v. EPA*, No. 23-3216 (6th Cir. Mar. 13, 2023); Petition for Review *Kentucky, Energy and Environment Cabinet*, No. 23-3225 (6th Cir. Mar. 17, 2023).

Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (the "Disapproval Rule"). Even if it were not, EPA has published its finding that the Disapproval Rule is "based on a determination of 'nationwide scope or effect.'" 88 Fed. Reg. at 9380. Accordingly, and to avoid inconsistent and inequitable results to the detriment of public health and welfare, this Court should grant EPA's motion and transfer the pending petitions and any later-filed petitions improperly challenging EPA's Disapproval Rule in this Court to the United States Court of Appeals for the District of Columbia Circuit. *See* EPA's Motion to Transfer or Dismiss, ECF Doc. No. 010110827314; 42 U.S.C. § 7607(b)(1).

## BACKGROUND

Ozone pollution, also called smog, seriously harms public health and the environment. And, because air pollution does not respect state borders—sometimes traveling hundreds of miles from where it is emitted to where it causes harm—ozone is a national problem that presents significant cross-state equity issues. Thus, EPA applied a uniform "4-step framework" to states throughout the country,[5] and

---

[5] 88 Fed. Reg. at 9338. EPA has used this 4-step framework for good neighbor requirements with many prior NAAQS: the 1997 ozone NAAQS, the 1997 fine particle NAAQS, the 2006 fine particle NAAQS, and the 2008 ozone NAAQS. *See* Disapproval Rule, 88 Fed. Reg. at 9338; *see also EME Homer City Generation, L.P. v. EPA,* 795 F.3d 118, 136 (D.C. Cir. 2015) (reasoning that a nationally uniform analytical and technical framework is necessary to an "efficient and equitable" solution to the problem of interstate pollution).

determined that at least 21 states were linked to air quality monitors in downwind states with ground-level ozone problems:

*Figure 1: EPA's Ozone Transport Linkage Map*[6]



*See* 88 Fed. Reg. at 9353-54. However, none of those 21 states' plan submissions provided *any* enforceable control strategies to reduce their emissions. 88 Fed. Reg. at 9369. Moreover, the states' plan submissions shared other flaws in common. *See* EPA's Motion to Transfer or Dismiss at 16, n. 9, ECF Doc. No. 010110827314.

Thus, on February 13, 2023, EPA published the national rule at issue, disapproving the 21 states' do-nothing plan submissions. 88 Fed. Reg. at 9336.

---

[6] *Available at*: https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs (last updated Mar.28, 2023).

3

In disapproving Utah's submission and nine other states' submissions across six circuits, EPA determined that emissions from other countries are not typically relevant in assessing whether a downwind state has an air quality problem or whether an upwind state is significantly contributing to that problem. *See* EPA's Motion to Transfer or Dismiss at 16, n. 9, ECF Doc. No. 010110827314 (citing 88 Fed. Reg. at 9378). In disapproving the plans submitted by Oklahoma and six other states across six circuits, EPA determined that guidance for another permitting program was not applicable to assessing states' Good Neighbor obligations. *Id.* (citing 88 Fed. Reg. at 9372). Additionally, in disapproving Oklahoma's, Texas's, and Ohio's plans, EPA determined that Texas's approach to identifying air quality monitors that struggle to maintain the standard, on which all three states' plans relied, was flawed. *See* 88 Fed. Reg. at 9358-59.

However, rather than filing in the D.C. Circuit as the Clean Air Act directs, 42 U.S.C. § 7607(b)(1), seven states and numerous industry parties rushed to file petitions for review across four circuits:

The day the rule was published, on February 13, 2023, Utah filed a petition in this Court. *Utah v. EPA*, No. 23-9509 (10th Cir. Feb. 13, 2023).

The next day, on February 14, Texas and Texas Industry Petitioners filed petitions for judicial review of EPA's Disapproval Rule in the Fifth Circuit. Petitions for Review, *Texas et al. v. EPA*, No. 23-60069 (5th Cir. Feb. 14, 2023).

The next day, on February 15, Arkansas filed a petition for review in the Eighth Circuit. Petition for Review, *Arkansas et al. v. EPA*, No. 23-1320 (8th Cir. Feb. 16, 2023).

On February 23, Utah industry petitioners filed another petition in this Court. Petition for Review, *PacifiCorp et al. v. EPA*, No. 23-9512 (10th Cir. Feb. 24, 2023).

On March 2, Oklahoma filed another petition in this Court. Petition for Review, *Oklahoma et al. v. EPA*, No. 23-9514 (10th Cir. Mar. 2, 2023).

On March 13, Kentucky filed a petition for review in the Sixth Circuit. Petition for Review, *Kentucky v. EPA*, No. 23-3216 (6th Cir. Mar. 13, 2023).

On March 15 and March 16, additional Utah and Oklahoma industry petitioners filed additional petitions in this Court. Petition for Review, *Utah Associated Municipal Power Systems v. EPA*, No. 23-9520 (10th Cir. Mar. 15, 2023); Petition for Review, *Oklahoma Gas & Electric v. EPA*, No. 23-9521 (10th Cir. Mar. 16, 2023).

On March 16 and March 17, Mississippi and Mississippi Power Company filed separate petitions in the Fifth Circuit. Petitions for Review, *Texas et al. v. EPA*, No. 23-60069 (5th Cir. Mar. 16, 2023, Mar. 17, 2023).

On March 17, the Kentucky Energy and Environment Cabinet also filed a separate petition for review in the Sixth Circuit. Petition for Review, *Kentucky Energy and Environment Cabinet v. EPA*, No. 23-3225 (6th Cir. Mar. 17, 2023).

On March 20, Louisiana filed another petition for review in the Fifth Circuit. Petition for Review, *Texas et al. v. EPA*, No. 23-60069 (5th Cir. Mar. 20, 2023).

Thus, seven states' and numerous industry groups' challenges to the Disapproval Rule are now pending in four different circuits—and additional petitions for review may be filed in this and other Circuits before the period for review of the Disapproval Rule expires on April 14, 2023. *See* 88 Fed. Reg. at 9381.

## ARGUMENT

Without consolidated review in the United States Court of Appeals for the District of Columbia Circuit, this Court and others will evaluate the same questions with potentially inconsistent and inequitable results, harming public health and welfare, including the health and welfare of Applicant-intervenors' members. For example, if this Court were to uphold EPA's rejection of Texas's approach to identifying air quality monitors that struggle to maintain the standard while the United States Court of Appeals for the Fifth Circuit were to find it arbitrary and capricious, Oklahoma's significant contributions to the unhealthy air Texans breathe will have to be addressed, either by Oklahoma or by EPA, while Texas

may continue to significantly contribute to the unhealthy air people breathe in at least Illinois, New Mexico, and Wisconsin. *See* EPA's Motion to Transfer or Dismiss at 16, n. 9 (listing examples where EPA's bases for disapproving the SIP submissions have nationwide scope or effect).

No governing caselaw in any circuit supports petitioners' attempts to proceed outside the DC Circuit. To the contrary, the only outlier case allowing challenges to an element of a national program based on a local factor to be brought in a regional circuit was overruled sua sponte by the 7th Circuit. *Southern Illinois*, 863 F.3d at 674 (7th Cir. 2017) ("A petition-centric method for determining venue—like that announced in *Madison Gas*—is flatly inconsistent with the actual terms of § 7607(b)(1).") (overruling *Madison Gas & Electric v. EPA*, 4 F.3d 529 (7th Cir. 1993)). Indeed, as this Court has itself already held, "that the manner in which a petitioner frames his challenge to a regulation may alter the court in which the suit belongs … is inconsistent with the language of the Act's judicial review provision." *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1198-99 (10th Cir. 2011) (criticizing *Madison Gas*, 4 F.3d 529). Petitioners thus cannot escape the Act's venue provision by limiting their challenge to the Disapproval Rule as to Utah's plan or other individual states' plans.

As EPA's Motion explains, the Clean Air Act mandates that venue for challenges to nationally applicable actions, as well as to actions that EPA finds are

based on determinations of nationwide scope and effect and where EPA publishes that finding, lies solely in the United States Court of Appeals for the District of Columbia Circuit. 42 U.S.C. § 7607(b)(1); *see, e.g.*, *ATK Launch Sys.*, 651 F.3d at 1197; *Southern Illinois*, 863 F.3d at 670-71; *Texas*, 2011 WL 710598 at *3 (unpublished) (transferring Texas's petition for review of EPA's call for thirteen states over seven federal circuits to revise their state plans to the D.C. Circuit). EPA's Disapproval Rule uniformly applying the 4-step framework and "reach[ing] geographic areas from coast to coast" is such a rule. *See ATK Launch Sys.*, 651 F.3d at 1197 ("That the regulation reaches geographic areas from coast to coast and beyond is, at a minimum, a strong indicator that the regulation is nationally applicable."); *Texas v. EPA*, 2011 WL 710598, at *3 (5th Cir. Feb. 24, 2011) ("This far-flung collection of states comprises no "region" of which we are aware."); *see also* EPA's Motion to Transfer or Dismiss at 16, n. 9 (listing examples where EPA's bases for disapproving the SIP submissions had nationwide scope or effect).

## CONCLUSION

For the foregoing reasons, this Court should grant EPA's motion and transfer the pending petitions and any later-filed petitions improperly challenging EPA's Disapproval Rule in this Court to the United States Court of Appeals for the District of Columbia Circuit.

|  | Respectfully submitted, |
|---|---|
| */s/ Joshua D. Smith* | */s/ Kathleen L. Riley* |
| Joshua D. Smith | Kathleen L. Riley |
| Rose Monahan | Seth L. Johnson |
| Sierra Club | Earthjustice |
| 2101 Webster St, Suite 1300 | 1001 G St NW, Suite 1000 |
| Oakland, California 94612 | Washington, DC 20001 |
| 415-977-5560 | 202-754-5227 |
| 415-977-5704 | 202-797-5245 |
| joshua.smith@sierraclub.org | kriley@earthjustice.org |
| rose.monahan@sierraclub.org | sjohnson@earthjustice.org |
|  | *Counsel for Applicant-Intervenors Sierra Club and Center for Biological Diversity* |
| Zachary M. Fabish |  |
| Sierra Club |  |
| 50 F St NW, 8th Floor |  |
| Washington, DC 20001 |  |
| 650-388-8446 |  |
| zachary.fabish@sierraclub.org |  |

*Counsel for Applicant-Intervenor Sierra Club*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Counsel hereby certifies, in accordance with Federal Rules of Appellate Procedure 32(g)(1) and 27(d)(2)(A), that the foregoing **RESPONSE IN SUPPORT OF RESPONDENTS' MOTION TO TRANSFER OR DISMISS** contains 1,549 words, as counted by counsel's word processing system, and thus complies with the 5,200 word limit.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (a)(6) because this document has been prepared in a proportionally spaced typeface using **Microsoft Word for Microsoft 365** using **size 14 Times New Roman** font.

DATED: March 30, 2023                    */s/ Kathleen L. Riley*
                                         Kathleen L. Riley